486 So.2d 805 (1986)
Eugene DETTE, individually and as administrator of the estate of his minor son, Robin E. Dette
v.
COVINGTON MOTORS, INC., Mrs. Helen Winston, Liberty Mutual Ins. Co., Allstate Ins. Co. and Employers Ins. Co. of Wausau.
No. 84 CA 1067.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
James Dana, Metairie, for defendants, appellants Covington Motors Inc. and Liberty Mut. Ins. Co.
Robert M. Johnston, New Orleans, for defendants, appellees Helen Winston and Allstate Ins. Co.
C.T. Williams, Jr., Metairie, for plaintiffs, appellees.
Before GROVER L. COVINGTON, C.J., and WATKINS, SHORTESS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an action brought by Eugene Dette individually and as administrator of the estate of his minor son, Robin Dette, for personal injuries allegedly sustained by Robin Dette when the motorcycle Robin Dette was operating was struck by a car driven by Mrs. Helen Winston and owned by Covington Motors, Inc. Covington Motors had a garage liability policy with Liberty Mutual Insurance Company, and Mrs. Winston had an automobile liability insurance policy with Allstate Insurance Company. *806 Dette sued Mrs. Winston, Liberty Mutual, Allstate, Covington Motors, and Employers Insurance Company of Wausau, Dette's uninsured motorist carrier.
In earlier proceedings, Covington Motors and Liberty Mutual moved for summary judgment, dismissing them, contending that Liberty Mutual had paid under its policy the sum of $6,880.60 to Dette, in excess of the contended policy limits of $5,000.00. The trial court granted summary judgment and this court set aside the summary judgment on the ground that issues of fact existed, and remanded for further proceedings in Dette v. Covington Motors, Inc, 426 So.2d 718 (La.App. 1st Cir. 1983).
Upon remand, the trial court separated the issues of coverage and quantum, and tried the issue of coverage alone.
The Liberty Mutual (garage liability policy) held by Covington Motors contains the following language on coverage in the main body of the policy:
D. WHO IS AN INSURED.
1. For Covered Autos.
a. You are an insured for any covered auto.
* * * * * *
(3) Your customers, if your business is shown in ITEM ONE of the declarations as an auto dealership. However, if a customer of yours:
(a) Has no other available insurance (whether primary, excess or contingent), he or she is an insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged.
(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered auto is principally garaged, he or she is an insured only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance.
An endorsement attached to this policy quoted in whole reads as follows:
This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

GARAGE INSURANCE

LIMITED COVERAGE FOR CERTAIN INSUREDS
In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that garage customers are not insureds with respect to the automobile hazard except in accordance with the following additional provisions:
1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages including damages for care and loss of services because of bodily injury, or property damage up to the amount of the applicable financial responsibility limit, no damages including damages for care and loss of services because of bodily injury, or property damage are collectible under this policy.
2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay damages including damages for care and loss of services because of bodily injury, or property damage up to the amount of the applicable financial responsibility limit, then this insurance shall apply to the excess of damages including damages for care and loss of services because of bodily injury, or property damage up to such limit.
3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages *807 including damages for care and loss of services because of bodily injury, or property damage payable under this policy shall not exceed the applicable financial responsibility limit.
4. As used in this endorsement:
"applicable financial responsibility limit" refers to the applicable limit of the financial responsibility law of the state where the automobile is principally garaged.
"garage customer" means any person other than
(1) an employee, director, stockholder, partner or member of the named insured or a resident of the same household as the named insured, such employee, director, stockholder, partner or member, or
(2) any other person or organization named in Item 4(b) of the declarations and any person while using an automobile furnished to such named person or organization.
Absent these clauses, the policy affords garage liability coverage in the amount of $750,000.00. Applying the quoted clauses, the coverage is only $5,000.00, the applicable financial responsibility limits,[1] which sum, as we have indicated, has been paid to Dette already, Dette having received $6,880.60 from Liberty Mutual.
Mrs. Winston, as we have indicated, had an automobile liability insurance policy with Allstate. Policy limits were $5/10 thousand. The Allstate policy contained the following pertinent clause on liability with respect to a temporary substitute, non-owned automobile:
If the insured has other insurance against a loss covered by Part I of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.
The trial court in written reasons stated that both policies offered primary coverage "up to their respective limits". However, in judgment only Liberty Mutual was held liable. Liability on the part of Liberty Mutual was held to exist up to the policy limits of $750,000.00. From this judgment, Liberty Mutual has appealed. We reverse and remand.
It was held by the Louisiana Supreme Court in Graves v. Traders & General Insurance Company, 252 La.709, 214 So.2d 116 (1968), that where there is conflict between an an "escape clause" (such as the one found in the Liberty Mutual policy) and an "excess clause" (such as the one found in the Allstate policy), the net effect is that both clauses are cancelled out, so far as the denial of primary coverage is concerned. However, the basic Financial Responsibility Law limits adverted to in the policy containing the "escape clause" (such as that herein found in the Liberty Mutual garage liability policy) are still applied as limits of liability. The two policies then afford coverage of the loss pro rata within their respective limits of liability. Similar results are found in State Farm Mutual Automobile Insurance Co. v. Travelers Insurance Co., 184 So.2d 750 (La.App. 3d Cir.1966) and Veillon v. Southern Farm Bureau, 254 So.2d 130 (La.App. 3d Cir.1971).
It thus cannot be argued, as Dette seeks to contend, that the effect of the mutual cancellation of the "excess" and "escape" clauses is to strike from the Liberty Mutual policy the Financial Responsibility Law limits and thereby to expose Liberty Mutual to the full policy limits of $750,000.00. Rather, although there is a mutual cancellation so that both the garage liability and the automobile liability policies afford primary coverage, the Financial Responsibility Law limits of $5/10 thousand as found in the Liberty Mutual policy are still effective.
*808 As Liberty Mutual has already paid in excess of the $5,000.00 Financial Responsibility Law limit, liability, we hold, is afforded solely by Allstate up to the policy limit of $5,000.00.
The judgment of the trial court is reversed, and judgment rendered against Allstate holding it affords coverage to the extent of $5,000.00. The matter is remanded for a determination of quantum.
REVERSED AND REMANDED.
GROVER L. COVINGTON, C.J., dissents.
NOTES
[1] The Financial Responsibility Law is found in LSA-R.S. 32:851 et seq.