GARRISON, Judge.
On May 5, 1985, Dawn M. Hebert sold a piece of land with a home known as 5367 Canal Boulevard to Mr. and Mrs. Dwight Doskey. Ms. Hebert had inherited this property from her parents. On April 8, 1987, the Doskeys discovered termite infestation in their home. The Doskeys filed suit against Ms. Hebert in redhibition. Ms. Hebert moved for and was granted summary judgment based on the conclusion that the claim had prescribed. The Dos-keys have now brought this appeal.
In the 1940’s Mr. and Mrs. F. Edward Hebert purchased the property known as the 5367 Canal Boulevard. Their only child, defendant Dawn Hebert, moved out of this home in the ’50’s. She is an active real estate agent. In 1975, extensive termite damage was discovered by Dennis Miller Pest Controls. There apparently was tremendous damage to the home, particularly to the exterior eaves and roof. Dennis Miller Pest Controls treated the infestation by trenching around the outside of the house, drilling into the house walls at every two foot interval, drilling holes into the driveway, and pumping pesticides into these holes. In 1977, the roof on this house collapsed. Mr. & Mrs. Hebert were forced to move from their home for three to six full months in order that the house could be repaired. Mr. Hebert told a neighbor that the roof had collapsed due to termite damage. Ms. Dawn Hebert claims that her father told her that the roof collapsed because of its weight or because of improper shoring done during renovations in the ’50’s. In deposition Ms. Hebert stated that she couldn’t remember if the house had been treated for termites in 1975.
Mr. Hebert died in December of 1979 leaving one-half of the 5367 Canal Blvd. property to his daughter. Ms. Hebert inherited the other half upon the death of her mother in October of 1984. In May of 1985 the Doskeys purchased the home on 5367 Canal Blvd. They requested that the sale be conditioned upon Ms. Hebert furnishing an inspection report for termites. It was agreed that if there was damage over six hundred dollars, the seller could repair at her expense. If she chose to not make repairs the buyers could void the purchase contract.
Ms. Hebert secured the services of Spencer Pest Control, under a current contract on the house, who issued a VA termite inspection certificate. The certificate stated that there was no “visible evidence of infestation.” Despite the fact that Spencer Pest Control had in its file for the property in the 1975 report showing extensive damage, the boxes meant to indicate visible damage and visible evidence of prior infestation were left unchecked.
The Doskeys were first made aware of a termite infestation on April 8, 1987. They were told by Terminex that there was damage to the ceiling joists and roof beams.
The Doskeys filed a redhibition suit against Ms. Hebert on March 7, 1988. La. C.C. art. 2534 requires that redhibitory ac *1131 tion be brought within a year from the date of sale unless the seller had knowledge of the vice and failed to inform the buyer. La.C.C. art. 2546. Under art. 2546 the action must be brought within a year of discovery of the vice. Ms. Hebert moved for summary judgment on the grounds of prescription, asserting that there was no evidence that showed she had knowledge an any termite infestation. The trial court found in favor of Ms. Hebert, ruling that the one year prescriptive period applied as there was no evidence that she was aware of any termite problem.
In their appeal, the Doskeys assert three assignments of error. In the first assignment of error, they claim that the trial court erred in “implicitly holding that ‘knowledge of the vice’ required that the plaintiff prove that the defendant knew of both the defect and its cause.” Here the plaintiffs are basically arguing that the redhibitory “vice” was not the existence of termites but rather the damage caused by the termites. Here, they assert that the vice is a lack of structural integrity and while Ms. Hebert may not have been aware of a past termite problem, she was aware that the roof had caved in on the house.
The defendant counters that the petition for damages does not support these assertions. The petition states as follows:
VII
That at the time of the sale, Dawn M. Hebert knew that the structure had been seriously infested with termites, and that the roof of the structure had at one time collapsed due to termite damage.
VIII
That Dawn M. Hebert and her agents failed to inform the plaintiffs of this damage and the infestation, [emphasis added]
We believe that these allegations assert both the fact that the roof had collapsed and that there had been extensive termite damage. When considering a motion for summary judgment, this court should resolve every reasonable doubt against the mover. Oller v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4th Cir.1984)
The purpose of summary judgment is the speedy disposition of cases involving only questions of law. Dette v. Covington Motors, Inc., 426 So.2d 718, appeal after remand, 486 So.2d 805 (La.App. 1st Cir.1983). Summary judgment may not be granted if there is any doubt as to the existence of a genuine issue of material fact. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788, writ denied 525 So.2d 1048 (La.App. 3 Cir.1988); American Bank and Trust Co. v. Sunbelt Environmental Systems, Inc., 451 So.2d 1111 (La.App. 1st Cir.1984).
Considering that the repairs to the house for termites were extensive and obvious, that Ms. Hebert could not remember if she knew of a termite problem, that the defendant’s parents were forced to leave their home for three to six months due to the collapse of their roof, that Ms. Hebert knew of the roof collapse and did not offer this information to the plaintiffs, that a real estate agent, in affidavit stated that a previously collapsed roof, even if repaired would be the sign of a major defect to a real estate agent, that Ms. Hebert was and is a real estate agent, and that the damage discovered thus far by the plaintiffs concerns their roof, we believe that there exists an issue of material fact that is best dealt with in a trial on the merits. Accordingly, the trial court’s granting of summary judgment be reversed and the case remanded for a trial on the merits.
REVERSED AND REMANDED.