581 So.2d 340 (1991)
Donald STANFIELD, et al., Plaintiffs-Appellees,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Appellant.
No. 89-1249.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
Gold, Weems, Bruser, Sues & Rundell, Raymond Brown, Jr., Alexandria, for plaintiffs-appellees.
Gist, Methvin, Hughes & Munsterman, David Hughes, Alexandria, for defendant-appellant.
Before DOMENGEAUX, C.J., and GUIDRY and LABORDE, JJ.
LABORDE, Judge.
This is an appeal from the trial court's judgment declaring that a policy of garage liability insurance issued by Hartford Accident and Indemnity Company (Hartford) to Wayne Bus and Equipment Sales, Inc. (Wayne) provides primary coverage for an accident involving a bus loaned to Tri-State Charters, Inc. (Tri-State) by Wayne. We find no error in the judgment of the trial court. We affirm.
This matter was tried on stipulated facts, which are not in dispute. Tri-State is a bus charter company engaged in the business of transporting students to and from Delta Career College in Alexandria, Louisiana. Tri-State owns several buses which are insured under a commercial liability policy issued by National Fire and Marine Insurance Company (National). Sometime prior to April 27, 1988, Tri-State was having mechanical difficulties with one of the buses in its fleet. The bus was taken to Wayne, a franchised bus dealer with a sales and service facility located in Alexandria, for repairs. While the bus was in for repairs, Wayne provided Tri-State with a loaner bus. At all times relevant, there was in full force and effect a policy of garage liability insurance issued to Wayne by Hartford.
On April 27, 1988, Donald R. Stanfield was driving the loaner bus provided by *341 Wayne in the course and scope of his employment with Tri-State, when the bus was involved in a one vehicle accident. Several of the student passengers who were on the bus filed separate suits alleging that they sustained personal injuries as a result of the accident.
On July 19, 1989, a joint motion for declaratory judgment was filed by National and Hartford, seeking a determination as to whether the garage liability policy issued by Hartford to Wayne provides coverage for the bus accident and, if so, whether that coverage is primary, excess or co-primary with coverage provided by National. Hearing on this matter was held on July 31, 1989. Pursuant to written reasons, the trial court declared that the coverage provided by Hartford is primary and the coverage provided by National is excess. Hartford appeals suspensively from the declaratory judgment rendered by the trial court.
Hartford contends that the trial court erred in finding that its policy provides primary coverage for the accident which is the subject of this lawsuit, as Mr. Stanfield and Tri-State can not be considered insureds under the terms of the policy. The policy provides, in relevant part, that:
"PARTY IVLIABILITY INSURANCE
* * * * * *
D. WHO IS AN INSURED.
1. For Covered Autos.
a. You are an insured for any covered auto.
b. Anyone else is an insured while using with your permission a covered auto except:
* * * * * *
3. Your customers, if your business is shown in ITEM ONE of the declarations as an auto dealership. However, if a customer of yours:
(a) Has no other available insurance (whether primary, excess or contingent) he or she is an insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged.
(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered auto is principally garaged, he or she is an insured only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance.
c. Anyone liable for the conduct of an insured described above is an insured but only to the extent of that liability. However, the owner or anyone else from whom you hire or borrow a covered auto is an insured only if that auto is a trailer connected to a covered auto you own."
There is no dispute as to the fact that the bus driven by Mr. Stanfield is a covered auto, the issue is whether Mr. Stanfield and Tri-State are excluded from coverage by the "auto dealership customer" exclusion in the Hartford's policy.
On the declarations page of the policy, Wayne is listed as an auto dealer and a franchised bus dealer. Thus, under the terms of the policy, it is clear that customers of the dealership portion of Wayne's business are not covered unless they come under an exception. The problem in this case is that Wayne's business is divided into a dealership business and a repair shop business. Under the liability exclusions of the policy, the following language is found:
"This insurance does not apply to:
* * * * * *
7. Any covered auto while leased or rented to others. This exclusion does not apply to a covered auto you rent to one of your customers while his or her auto is left with you for service or repair."
Accordingly, it is apparent that the policy's intent is to provide coverage to customers of the garage who are given replacement vehicles when their vehicle is left for servicing. To reconcile the "auto dealership customer" exclusion and the coverage afforded a repair customer when he is in a replacement vehicle, the lower court drew the distinction between customers of the dealership side of Wayne's business and the customers of the repair shop. Therefore, the trial court concluded that coverage *342 is provided to customers of the garage if they are using a covered vehicle while their vehicle is being serviced; however, customers of the auto dealership side of Wayne's business are not covered under the garage liability policy unless they come under one of the policy's exceptions. We agree with the trial court's interpretation of the policy.
Although we can find no cases on point in Louisiana jurisprudence, there is a Pennsylvania decision on all fours with the facts involved in the matter before us. In Connecticut Indemnity Co. v. Cordasco, 369 Pa.Super. 439, 535 A.2d 631 (1987), Juan Fuentes was involved in an automobile accident while operating a vehicle loaned to him by Gillner Motors, Inc. Mr. Fuentes' personal automobile was being repaired at Gillner Motor's service department at the time of the accident. Like Wayne in the case at bar, Gillner Motor's business consisted of an auto dealership and a service department. At all times relevant, Mr. Fuentes had automobile insurance on his personal vehicle through State Farm Mutual, and Gillner Motors had a garage policy issued by Connecticut Indemnity Co. The Connecticut policy contained an "auto dealership customer" exclusion identical to the one contained in Hartford's policy. It also contained the same clause as contained in Hartford's policy which provides coverage to a customer while he is using a vehicle rented to him by the insured when the customer's vehicle is left with the insured for service or repair. The insurer argued in that case that Mr. Fuentes was a customer of Gillner Motors and that the "auto dealership customer" exclusion applied to him. The Pennsylvania appellate court observed the following:
"The trial court found that Fuentes was not a customer and also suggested that the exclusion applied only to customers of the dealership part of the business where garage owner and dealership are one and the same. We agree with this interpretation of the policy. Simplifying the language quoted above the garage policy provides coverage for any individual using a `covered auto', one declared for coverage under the policy, with permission of the policyholder. The exception cited by appellant indicates non coverage of individuals using a covered auto who are customers if the policyholder's business is that of an auto dealership. In a previous section of the policy, coverage is excluded for covered autos while leased or rented to others. However, that exclusion does not apply if the covered auto is rented to `one of your customers while his or her auto is left with you for service or repair.' ... The latter exclusion would appear to provide coverage to customers of the garage who are given replacement vehicles while theirs are being serviced, while excluding coverage to those who lease or rent the vehicle without leaving their own for service or repair. Perhaps such rental transactions take place during periods where the garage no longer needs the vehicle and decides to rent it out instead of letting it sit around. When the sections are read together they make sense. Coverage is provided to individuals who are customers of the garage if they are using a covered vehicle while theirs is being serviced or repaired. However, customers of the auto dealership are not covered under the garage policy, unless they meet one of the subsections following that exclusion, nor are individuals who lease or rent a covered vehicle from the garage where their auto is not being serviced or repaired.
Connecticut Indemnity Co., 535 A.2d at 632-633. The court went on to hold that the "auto dealership customer" exclusion was not applicable and that Connecticut Indemnity provided primary coverage.
Although the decisions of other jurisdictions are not controlling on Louisiana courts, if they determine an issue practically identical with the one under consideration, they possess at least a persuasive effect and merit attention. CHF Finance Co. v. Jochum, 241 La. 155, 127 So.2d 534 (1961). We find the Pennsylvania appellate court's decision in the Connecticut Indemnity Co. to be logical. We also find that this interpretation of the policy reflects the true intent of the parties involved in this *343 case. We thus hold that Hartford's policy provides primary coverage for the bus accident occurring on April 27, 1988.
In brief, Hartford calls our attention to Graves v. Traders & General Insurance Co., 252 La. 709, 214 So.2d 116 (1968) and Dette v. Convington Motors, Inc., 486 So.2d 805 (La.App. 1st Cir.1986); two cases which it claims are directly on point. We disagree. The cited cases do not involve the particular issue involved in this case; rather, they involve the situation where the insured is covered by two policiesone with an excess clause and the other with an escape clause. The courts in those cases found the escape and excess clauses to be mutually repugnant and ineffective and apportioned liability on the basis of the minimum limits of the State's financial responsibility law. Furthermore, the language contained in the garage policies involved in both of those cases is much more restrictive than the language contained in Hartford's policy. In Graves the garage policy provided omnibus coverage for "any other person" using a vehicle owned by Superior Coach Sales, Inc., only to the extent necessary to meet the minimum limits of the applicable financial responsibility law. The policy in Dette contained the same "auto delearship customer" exclusion as found in Hartford's policy; however, the Dette policy also contained an endorsement which provided that garage customers were not insureds except to the extent necessary to provide coverage up to the applicable financial responsibility law limit. Consequently, we determine that the two cases cited by Hartford are inapposite.[1]
For the assigned reasons, the judgment of the trial court declaring that the policy of insurance issued by Hartford to Wayne provides primary coverage for the bus accident and the policy of insurance issued by National to Tri-State provides excess coverage is affirmed. Costs of this appeal are assessed against Hartford Accident and Indemnity Company.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, Judge, dissenting.
I discern no ambiguity or conflict in the provisions of the Hartford policy. The Hartford policy in defining "WHO IS AN INSURED" specifically provides that anyone using a covered vehicle, with permission, is an insured except, "Your customers, if your business is shown in ITEM ONE of the declarations as an auto dealership". (Emphasis mine) As the majority opinion notes, Wayne is designated as an auto dealer and a franchised bus dealer on the declarations page of the policy. Therefore, under the plain and unambiguous provisions of the Hartford policy, Wayne's customers, although using covered autos with permission, are not insureds under the policy. In my view, the exclusions, to which the majority points for finding coverage, are applicable and would apply if the driver of the covered auto is an insured under the policy. The policy affords no coverage to Wayne's repair customers because Wayne is listed on the declarations page only as an auto dealership. For these reasons, I respectfully dissent.
NOTES
[1] Hartford also directs our attention to LSA-R.S. 22:671, which provides:

"A. Notwithstanding any provision of the policy, the primary liability coverage for a loaner vehicle shall be the policy of the driver not the policy of the vehicle sales or service dealer who provided the loaner vehicle.
B. (1) In this Section, loaner vehicle means any vehicle which is provided to an insured driver by a vehicle sales or service dealer for his temporary use as a replacement vehicle while the insured's vehicle is being serviced or repaired. The term shall also mean any vehicle which is provided to an insured driver by a vehicle service or sales dealer for the purpose of allowing the driver to demonstrate or test drive the vehicle.
(2) In this Section, "vehicle sales or service dealer" means any person engaged in the business of selling, repairing, or servicing motor vehicles."
As both parties acknowledge, however, this statute went into effect some two and one half months after the accident which is the subject of this lawsuit, and, consequently, it has no bearing on our decision here today.