715 So.2d 574 (1998)
Frank GAMBINO
v.
Kenneth W. LAMULLE, et al.
No. 97-CA-2798.
Court of Appeal of Louisiana, Fourth Circuit.
June 10, 1998.
William L. Brockman, Bernard, Cassisa, Elliott & Davis, Metairie, for Motor Insurance Corporation and Lakeside Toyota, Inc.
*575 Sidney J. Angelle, Lobman, Carnahan, Batt & Angelle, New Orleans, for State Farm Mutual Automobile Insurance Company.
Scott W. McQuaig, Pamela G. Seeber, Mcquaig & Stelly, Metairie, for Jeffrey Trauth.
Tobin J. Eason, Tonya M. Rhodes, Weiss & Eason, New Orleans, for Louisiana Insurance Guaranty Association.
Before SCHOTT, C.J., and LOBRANO and MURRAY, JJ.
SCHOTT, Chief Judge.
Lakeside Toyota, Inc. and its liability insurer, Motors Insurance Corporation (MIC), have appealed from three judgments in favor of Frank Gambino, his uninsured motorist (UM) insurer, State Farm Mutual Automobile Insurance Company, Jeffrey G. Trauth, and the Louisiana Insurance Guaranty Association (LIGA), the successor to Trauth's now defunct liability insurer. The issue is whether MIC's policy with limits of one million dollars affords coverage in excess of ten thousand dollars to Trauth who was operating an automobile loaned to him by Lakeside and insured by MIC when there was a collision involving the automobiles operated by Gambino and Trauth. We reverse the judgments.
At the time of the accident, Trauth was driving a vehicle owned by Lakeside which had "loaned" Trauth the vehicle while his was being repaired. The part of the MIC policy at issue provides:
Section 2 Liability Coverage:
1. Who is an Insured
a. The following are "insureds" for covered "autos".
(1) You for any covered "auto".
(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except: ...
(d) Your customers, if your business is shown in the Declarations as an "auto" dealership. However, if a customer of yours:
(i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.
In Schroeder v. Board of Supervisors of LSU, 591 So.2d 342 (La.1991), the court likened the interpretation of insurance policies to that of other contracts. The goal in interpreting either document is to determine the common intent of the parties. Id. at 345, citing LSA-C.C. art.2045 and Hurst v. Ricard, 514 So.2d 14, 16 (La.1987). Under art.2045 if the words of a contract are "clear and explicit" no further interpretation is necessary to determine intent. Schroeder at 345. In addition, words are given their generally prevailing meaning. Id., citing C.C. art.2047.
The policy at issue in the instant case clearly and specifically states who is an insured and who is not. Under subsection (d)(i) customers are specifically excluded from this policy unless they have no other available insurance, whether it be primary, excess or contingent. LIGA's coverage is not available to Trauth until he exhausts the MIC policy. LSA-R.S. 22:1386. Thus, under the clear language of the MIC policy, Trauth, as a customer, has no other available insurance and is therefore afforded coverage of Louisiana's compulsory limit of $10,000.00.
Although the foregoing seems to be dispositive of the case, appellees argue that Trauth is somehow covered for the one million dollars by virtue of an exclusion in the policy. While the trial court was apparently persuaded by this argument, we have concluded that it is meritless. The first step is to determine whether Trauth was covered beyond $10,000. Since he was not the inquiry is at an end. The exclusions are irrelevant. They could be relevant only if there were coverage in the first instance.
For the benefit of a reviewing court we have examined the exclusion relied upon by appellees and have concluded that even if it had any application to this case it could not provide Trauth with any coverage. The pertinent part of the policy is as follows:
B. EXCLUSIONS

*576 This insurance does not apply to any of the following:
7. LEASED AUTOS
Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.
Appellees contend that while "leased autos" are generally excluded from coverage the exclusion did not apply to the auto Trauth was driving because it was on "rent" to him while his auto was left with Lakeside for service or repair.
The first assumption appellees make is that this was a "leased" auto. Otherwise, the exclusion is immediately inapplicable. A lease is not a loan. Compare C.C. Arts. 2669 et seq. with C.C. Arts. 2893 et seq. Even so if we can somehow find an intellectual basis to consider this exclusion its application to Trauth's auto could only be restored if Lakeside had rented the auto to him. Lakeside did not; it loaned the auto. A loan is not a rental just as it is not a lease. See C.C. Arts. 2778 et seq.
Although we consider the foregoing to be a perfectly valid analysis, we are aware of Stanfield v. Hartford Accident and Indemnity Co., 581 So.2d 340 (La.App. 3 Cir.1991) in which the court, interpreting similar policy language as that before us, reached the result here advocated by appellees. With all due respect to our brethren on the Third Circuit who were in the majority, we have concluded that their reasoning was faulty and their opinion was erroneous. Judge Guidry, who dissented in that case, had it right, so to speak.
Trauth also argues that MIC waived its policy defenses because it assumed his representation initially and represented him for three years without obtaining a waiver agreement from him to reserve policy defenses. The fallacy in this argument is that MIC is not contesting and never has contested coverage. Neither has it denied that it has an obligation to defend Trauth under the policy. The dispute is over the amount of coverage. For purposes of that dispute Trauth's rights are protected. His attorneys are being paid by MIC.
Finally, Trauth is not in a position to assert this waiver argument. He is not the named insured and as a customer he is specifically excluded from the $1,000,000 coverage afforded to Lakeside. By an exclusion to that exclusion MIC recognized its obligation to provide a customer who is a permissive user with the minimum of coverage required by the financial responsibility law. Thus, this is not a case where there was a policy defense which could be waived by MIC. This is the case where MIC provides $10,000 of coverage under the plain language of the policy and has never attempted to avoid its obligation in this regard.
Accordingly, the judgments appealed from are reversed and set aside and there is judgment in favor of Lakeside Toyota and Motors Insurance and against Frank Gambino, State Farm Mutual Automobile Insurance Company, Jeffrey G. Trauth, and LIGA recognizing that the limit of insurance coverage afforded by MIC to Trauth is ten thousand dollars.
REVERSED AND REMANDED.
MURRAY, J., concurs with reasons
MURRAY, Judge, concurring with reasons:
MIC's policy explicitly states that Lakeside Toyota's customers are not afforded any liability coverage when using one of the dealer's cars. However, if the customer has "no other available insurance," then MIC will provide coverage, "but only up to the compulsory or financial responsibility law limits."
It is undisputed that Mr. Trauth was Lakeside's customer and that he was using one of Lakeside's vehicles at the time of the accident at issue. Because Mr. Trauth's insurer was liquidated and La. R.S. 22:1386 requires that all other coverage be exhausted before LIGA becomes liable, Mr. Trauth meets the definition of an insured under the express language of MIC's policy, but the accompanying limitation of coverage clearly applies. Accordingly, the trial court erred in ruling that Mr. Trauth had more than $10,000/$20,000 *577 liability coverage under MIC's policy.