767 So.2d 711 (2000)
Benjamin F. BAKER, III
v.
Michael Thomas KENNEY, Jr., Progressive Insurance Company, and Atlanta Casualty Company.
No. 99-CA-2950.
Court of Appeal of Louisiana, Fourth Circuit.
May 3, 2000.
Writ Denied October 13, 2000.
Joseph J. Lowenthal, Jr., Robert L. Walsh, Richard T. Gallagher, Jr., Gregory Latham, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, LA, Attorneys for Defendant/Appellant, Atlanta Casualty Insurance Company.
Robert J. Young, III, Young, Richaud & Myers, New Orleans, LA, Attorney for Defendant/Appellee, Mid-Continent Insurance Company.
Terry B. Loup, Morris Bart, P.L.C., New Orleans, LA, Attorney for Plaintiff/Appellee, Benjamin Baker, III.
Court composed of Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, Sr., Judge ROBERT A. KATZ.
WALTZER, Judge.
[1]Atlanta Casualty Company, plaintiffs uninsured/underinsured insurer, appeals the judgment concluding that Mid-Continent Casualty Company's insurance policy did not cover plaintiffs accident and injuries.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
On 11 October 1996 plaintiff, Benjamin Baker, III, sued various defendants for his injuries from an accident in August 1996. Baker sued the other driver, Michael Kenney, Jr. and Kenney's insurer, Progressive Insurance Company, and Baker's uninsured/underinsured motorist insurer, Atlanta Casualty Company. Kenney was driving a vehicle owned by Benson Dodge and loaned to him by the dealership while his truck was in its shop for repairs. Benson was insured by Mid-Continent Casualty Company against which both Baker and Atlanta filed claims.
On 6 July 1998 Atlanta Casualty filed a Motion for Partial Summary Judgment or Alternatively, Motion for Declaratory Judgment. On 19 October 1998, Mid-Continent Casualty filed a Cross-Motion for Summary Judgment. After hearing the motions on 23 October 1998, the trial court, by judgment dated 18 November 1998, granted Atlanta Casualty's motion and denied Mid-Continent Casualty's motion. Mid-Continent Casualty applied for supervisory jurisdiction with this court. This application was denied as moot on 28 May 1999, since a trial in this matter was conducted.
Trial was scheduled for 12 April 1999. Mid-Continent filed a Motion to Reconsider Prior judgment on 30 March 1999, and the trial court scheduled this motion for *712 the same date as the trial. Although Atlanta opposed the motion to reconsider on the merits, it did not object to its being heard on the day of the trial. For this reason, we do not consider appellants' argument that the trial court erred in hearing the motion on the day of trial, because they waived this objection On the day of trial, the parties reached a partial settlement. All issues, except insurance coverage, were resolved by consent. By judgment dated 15 June 1999, the trial court granted Mid-Continent Casualty's motion for reconsideration, granting its motion for summary judgment and concluding that its insurance policy does not cover this accident.

ASSIGNMENT OF ERROR: Atlanta Casualty appeals the judgment granting Mid-Continent Casualty's motion for reconsideration.
Atlanta Casualty argues that coverage provided by Mid-Continent Casualty must be exhausted before Atlanta's policy is implicated. Atlanta urges this court to disregard or overrule a prior decision of this court, Gambino v. Lamulle, 97-2798 (La. App. 4 Cir. 6/10/98); 715 So.2d 574.
In Gambino, this court, interpreting the same provision in an insurance policy, held that exclusions in an insurance policy are irrelevant to determining coverage unless and until it is determined that the policy affords coverage. Moreover, this court, in considering Stanfield v. Hartford Accident and Indemnity Company, 581 So.2d 340 (La.App. 3 Cir.1991), specifically stated "[w]ith all due respect to our brethren on the Third Circuit who were in the majority, we have concluded that their reasoning was faulty and their opinion was erroneous."
Mid-Continent Casualty's insurance policy provides, in part,

WHO IS AN INSURED
a. The following are insureds for covered autos:
(1) Anyone else while using with your permission a covered auto you own, hire or borrow except:
(c) Your customers, if your business is shown in the Declarations as an auto dealership.
At the time of the accident, Kenney was driving a car owned by Benson Dodge, an auto dealership listed as such in the Declaration section of the Mid-Continent Casualty insurance policy. Under the language of the policy, Kenney was not an insured driver. Since we have determined that Kenney was not an insured within the language of the policy, the exclusion relied upon by Atlanta Casualty is irrelevant. Gambino, supra at 575. For these reasons, the Mid-Continent Casualty policy does not cover this accident. The parties stipulated that Atlanta Casualty's policy provided coverage, if the Mid-Continent policy did not. Thus, AtlantaCasualty's policy covers Baker's damages.

CONCLUSION
We affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] THIS OPINION WAS APPROVED BY JUDGE KATZ PRIOR TO HIS DEATH.