825 So.2d 1242 (2002)
Julie B. SAVANA
v.
CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON and Louisiana Farm Bureau Mutual Insurance Company.
No. 2001 CW 2450.
Court of Appeal of Louisiana, First Circuit.
July 2, 2002.
Alan J. Yacoubian, Noel Edward Warren, New Orleans, Counsel for Relators, Certain Interested Underwriters at Lloyd's, London.
Ron Macaluso, Hammond, Counsel for Respondent, Julie B. Savana.
Dan Richard Dorsey, Covington, Counsel for Respondent, Louisiana Farm Bureau Mutual Insurance Co.
Before: FOIL, PETTIGREW and LANIER[1], JJ.
PER CURIAM.

FACTUAL HISTORY AND PROCEDURE
Plaintiff Julie B. Savana was operating her vehicle in her lane of traffic when she was involved in a collision with a vehicle which served into her path. The other vehicle was operated by Cynthia Forrester, who was driving it as a loaner from *1243 the owner, Auto Depot, Inc., whole her own car was being repaired.
Savana sued Forrester and her insurer, U.S. Agencies, Auto Depot, Inc., and its insurer, Certain Interested Underwriters at Lloyds London (Lloyd's) and Savana's own uninsured motorists carrier, Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau) filed a cross claim against Lloyds.
Lloyd's filed a motion for summary judgment contending that its policy did not provide coverage under the facts of the case, since its policy provided coverage to a customer using a loaned vehicle from the Auto Depot only when that customer lacked private insurance or the customer's insurance failed to meet the minimum liability coverage required by law in La. R.S. 32:900. Forrester was covered by insurance in the amount which met the liability requirements of La. R.S. 32:900. In the alternative, Lloyd's claimed that if the court invalidated the exclusion in its policy should be limited to the compulsory liability limits required by La. R.S. 32:900(B)(2),in accordance with the Louisiana Supreme Court decision of Marcus v. Hanover Ins. Co., Inc., 98-2040 (La.6/4/99), 740 So.2d 603.
The trial court heard and denied the motion for summary judgment, stating as reasons:
Defendant argues that its coverage only applies if the permissive user of the owner's auto has failed to secure legally mandated minimal coverage. This means Defendant is selling coverage which only applies when someone is breaking the law.
The court finds the coverage at issue violates the terms and intent of LRS 32:900.
In the alternative, the motion for Summary Judgment is denied for the reasons set forth in Hargrove v. Missouri Pacific Railroad Co., 780 So.2d 454 (La. App. 3 Cir.2001) and Stanfield v. Hartford Acc. And Indem. Co., 581 So.2d 340 (La.App. 3 Cir.1991).
Lloyd's then timely filed its writ application seeking review of the trial court's ruling.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Keller v. Case, 99-0424 (La.App. 1 Cir. 3/21/00), 757 So.2d 920, writ denied, XXXX-XXXX (La.9/29/00), 770 So.2d 354. A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no material factual dispute. Sanders v. Ashland Oil, Inc., 96-1751 (La. App. 1 Cir. 6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. In the instant case, the facts are uncontested; therefore, the sole question to be resolved is a legal one, i.e., whether Lloyd's is liable to Savana as a matter of law under these facts.

DISCUSSION
Under the liability coverage section of Lloyd's policy issued to Auto Depot, Inc., the definition of an insured states:
a. The following are "insureds" for covered "autos":
* * *
(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

* * *
(d) Your customers, if your business is shown in the Declarations as an "auto" dealership. However, if a customer of yours:

*1244 (i) Has no other available insurance (whether primary, excess, or contingent) they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.
(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.
In Marcus v. Hanover Insurance Co., Inc., 98-2040 (La.6/4/99), 740 So.2d 603, the Supreme Court interpreted a business use exclusion in an insurance policy and stated that an insurance policy is a contract that constitutes the law between the parties. If the wording of the insurance policy is clear and expresses the intent of the parties, the policy must be enforced as written. Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose reasonable conditions upon the obligations they contractually assume. 740 So.2d at 606.
Lloyd's insurance policy unambiguously indicates that coverage to a customer of Auto Depot, Inc., which is listed as having coverage under "Garage LiabilityDealers" on the declarations page of the policy, is provided only when the customer either lacks automobile insurance or has insurance which fails to meet the minimum amount required by the Louisiana Motor Vehicle Responsibility Law, La. R.S. 32:900. Because Forrester was insured by U.S. Agencies in an amount which satisfies the statutory minimum, the exclusion in Lloyd's policy excepts Forrester from coverage under the policy.
With all due respect to the majority in Stanfield v. Hartford Acc. and Indem. Co., 89-1249 (La.App. 3 Cir. 5/22/91), 581 So.2d 340, this Court finds the distinction made between the auto dealership customers and the garage customers to be an artificial one, and we agree with Judge Guidry's dissent, which found no ambiguity or conflict in the provisions of the policy. Further, the facts of Hargrove v. Missouri Pacific Railroad Company, XXXX-XXXX (La.App. 3 Cir. 1/10/01), 780 So.2d 454, writ granted, XXXX-XXXX (La.6/29/01), 794 So.2d 804,[2] are distinguishable from the case at bar in that the vehicle in Hargrove was a rental vehicle provided to the customer and was co-leased by the dealership, the result of which was that sections of the insurance policy at issue in that case applied to create issues of liability that are not present in this case before the Court. Therefore, we find the Hargrove case is not dispositive of the facts in the case at bar.
Instead, we prefer to follow the opinions of the Fourth Circuit in the cases of Gambino v. Lamulle, 97-2798 (La.App. 4 Cir. 6/10/98), 715 So.2d 574, and Baker v. Kenny, 99-2950 (La.App. 4 Cir. 5/3/00), 767 So.2d 711, writ denied, 2000-2153 (La.10/13/00), 771 So.2d 650, which interpreted substantially the same policy language as the policy in the case at bar. We note that under La. R.S. 22:671, the primary liability coverage for a loaner vehicle is provided by the driver's policy, not the service dealer's policy. Thus, Forrester's policy which met the requirements of La. R.S. 32:900 provided the plaintiff with compensation contemplated by the Louisiana Motor Vehicle Responsibility Law. Further, because the policy provided coverage in the event the driver of the covered *1245 vehicle lacks the insurance coverage required by La. R.S. 32:900, we find that the language of the policy does not violate public policy and should be interpreted as written. For these reasons, the writ is granted and judgment is entered in relator's favor. No genuine issues of fact or law remain concerning the case or the interpretation of the policy which would preclude judgment in relator's favor.
Because this Court has decided that the policy at issue in this case does not provide coverage under the undisputed facts, the issue raised by the relator in the alternative, regarding whether it would be required to pay the full policy limits or only the statutory minimum, is pretermitted.

DECREE
For the reasons stated, the judgment of the trial court hereby is reversed, and judgment is entered in Lloyd's favor, granting the motion for summary judgment and dismissing Savana's claim and Farm Bureau's cross claim against it, with prejudice, at plaintiff's and cross-claimant's cost.
WRIT GRANTED; REVERSED AND RENDERED.
NOTES
[1] The Honorable Walter I. Lanier, Jr. (retired), is serving pro tempore by special order of the Louisiana Supreme Court.
[2] The parties dismissed the writ filed with the Supreme Court on February 22, 2002.