STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

16-543


AMANDA RAE DOUGA

VERSUS

PROGRESSIVE CASUALTY
INSURANCE COMPANY, ET AL


************


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-3241
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE


************


JAMES T. GENOVESE
JUDGE


************


Court composed of Marc T. Amy, Elizabeth A. Pickett, and James T. Genovese,
Judges.


                                                                AFFIRMED.

**Norman J. Thigpen**
**Law Office of Norman J. Thigpen**
**2380 Lake Street**
**Lake Charles, Louisiana  70601**
**(337) 497-0123**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Amanda Rae Douga**


**Michael H. Schwartzberg**
**Vamvoras, Schwartzberg & Associates, LLC**
**1111 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 433-1621**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Amanda Rae Douga**


**Leah M. Penny**
**Casler, Bordelon & Lawler**
**11550 Newcastle Avenue, Suite 200**
**Baton Rouge, Louisiana  70806**
**(504) 434-3109**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Progressive Security Insurance Company**
    **and Teneeshia M. Powell**


**James Ryan III**
**Craig R. Webb**
**James Ryan III & Associates, LLC**
**201 St. Charles Avenue, Suite 2420**
**New Orleans, Louisiana 70170**
**(504) 599-5990**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **All Star Buick GMC Truck, Inc. and**
    **Tower National Insurance Company**

**GENOVESE, Judge.**

Plaintiff, Amanda Rae Douga, and Defendants, Teneeshia Powell and Progressive Security Insurance Company (Progressive),[1] appeal the trial court's grant of summary judgment relative to garage operations liability insurance coverage in favor of All Star Buick GMC Truck, Inc. (All Star) and Tower National Insurance Company (Tower), and its denial of their cross motion for summary judgment.[2] For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2013, Ms. Douga was driving her vehicle in Sulphur, Louisiana, when she was rear-ended by a vehicle being driven by Ms. Powell. Ms. Douga sustained bodily injuries from this collision. Ms. Powell was driving a vehicle owned by All Star, a car dealership in Sulphur. All Star had loaned the vehicle to Ms. Powell while it was repairing her vehicle.

At the time of the automobile accident, All Star had been issued a garage operations liability insurance policy by Tower. Ms. Douga filed suit on August 15, 2014, naming Ms. Powell, All Star, Tower, Progressive, and State Farm Mutual Automobile Insurance Company (State Farm),[3] as defendants.

Progressive answered, admitting that it provided Ms. Powell with automobile liability insurance coverage in the statutory minimum amount of

---

[1]Progressive was erroneously identified in Ms. Douga's petition as Progressive Casualty Insurance Company.

[2]The denial of a motion for summary judgment is an interlocutory judgment from which, ordinarily, an appeal may not be taken. La.Code Civ.P. art. 968. However, when there is also an appeal from a final judgment, i.e., a trial court's grant of summary judgment, an interlocutory ruling may also be reviewed by the appellate court. *See Mackmer v. Estate of Angelle*, 14-655 (La.App. 3 Cir. 12/10/14), 155 So.3d 125, *writ denied*, 15-69 (La. 4/2/15), 176 So.3d 1031.

[3]State Farm provided Ms. Douga with uninsured/underinsured motorist (UM) insurance. State Farm has abstained from all proceedings relating to the parties' cross-motions for summary judgment.

$15,000.00.[4]   All Star and Tower answered, denying liability and denying coverage under the terms of Tower's garage operations liability insurance policy.

All Star and Tower filed a motion for summary judgment.  They asserted that Ms. Powell was not an insured under Tower's policy based on the following provisions:

**SECTION II – LIABILTIY COVERAGE**

**A. Coverage**

. . . .

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

. . . .

**3. Who Is An Insured**

**a.** The following are "insureds" for covered "autos":

**(1)** You for any covered "auto".

**(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

. . . .

**(d)** Your customers.  However, if a customer of yours:

**(i)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits

---

[4]Louisiana Revised Statutes 32:900(B)(2) compels all motor vehicles registered in Louisiana to have liability coverage in the amount of $15,000.00 per person with a limit of $30,000.00 per accident, and property damage coverage in the amount of $25,000.00.

> > (ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

All Star and Tower argue that Section II, Subsection A.3.a.(2)(d) of the policy applies, that it bars coverage to Ms. Powell for her negligence in causing the accident, and that coverage to a customer of All Star is only provided when the customer either lacks automobile insurance or has less than the minimum amount required by law. All Star and Tower sought judgment as a matter of law that Tower's garage operations liability insurance policy did not provide liability coverage to Ms. Powell.

Ms. Douga filed a cross motion for summary judgment, which Ms. Powell and Progressive adopted and reiterated. Ms. Douga asserted that Tower's policy provides one million dollars in liability coverage for customers who drive All Star loaner vehicles when their own autos are being serviced by All Star's repair shop. She alleged that Ms. Powell was an insured based upon ambiguities in both the aforementioned provision and the following exclusion:

### B. Exclusions

This insurance does not apply to any of the following:

. . . .

### 7. Leased Autos

3

> Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

Ms. Douga sought judgment as a matter of law that ambiguities in Tower's policy must be construed in favor of affording coverage to Ms. Powell for her negligence in causing the accident.

After a March 15, 2016 hearing, the trial court granted Tower's motion, ruling that Tower's garage operations liability insurance policy did not provide liability coverage to Ms. Powell. Judgment was signed March 29, 2016, granting the motion for summary judgment filed by All Star and Tower, denying the cross motion for summary judgment filed by Ms. Douga, and dismissing with prejudice Ms. Douga's claims against All Star and Tower. Ms. Douga, joined by Progressive and Ms. Powell, have appealed.

## ASSIGNMENTS OF ERROR

On appeal, two errors were assigned for our consideration: (1) the trial court "erred in granting the Motion for Summary Judgment filed by [All Star and] Tower[;]" and (2) the trial court "erred in denying the Cross Motion for Summary Judgment filed by [Ms. Douga]."

## STANDARD OF REVIEW

Summary judgments are reviewed de novo using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Beslin v. Anadarko Petro. Corp.*, 15-291 (La.App. 3 Cir. 10/7/15), 175 So.3d 1134. "Interpretation of an insurance policy ordinarily involves a legal question that can be properly

4

resolved by a motion for summary judgment." *Bernard v. Ellis*, 11-2377, p. 9 (La. 7/2/12), 111 So.3d 995, 1002 (citing *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945).

## DISCUSSION

Ms. Douga argues the trial court erred in finding that Tower's policy does not provide coverage for the accident which is the subject of this lawsuit, contending that Ms. Powell is an insured due to ambiguities within Tower's policy. According to Ms. Douga, "[t]he policy language at issue in the instant appeal has been the subject of debate before this Honorable Court in the past, wherein coverage was ultimately afforded." Ms. Douga refers this court to the decisions in *Stanfield v. Hartford Accident & Indemnity Co.*, 581 So.2d 340 (La.App. 3 Cir. 5/22/91) and *Hargrove v. Missouri Pacific Railroad Company*, 00-228 (La.App. 3 Cir. 1/10/01), 780 So.2d 454, *writ granted*, 01-1228 (La. 6/29/01), 794 So.2d 804.

At the time of the accident sued upon in *Stanfield*, Donald Stanfield was operating a loaner bus supplied to his employer, Tri-State Charters, Inc. (Tri-State), by Wayne Bus and Equipment Sales, Inc. (Wayne), the franchise bus dealer with a sales and service facility where Tri-State's bus was being repaired. Mr. Stanfield was driving the loaner bus in the course and scope of his employment with Tri-State when the bus was involved in a one-vehicle accident. Student passengers who were on the bus filed personal injury lawsuits against Mr. Stanfield; Tri-State; its commercial liability insurer, National Fire and Marine Insurance Company (National); Wayne; and, its garage liability insurer, Hartford Accident and Indemnity Company (Hartford). The trial court issued a declaratory judgment declaring that the coverage provided by Hartford was

5

primary and the coverage provided by National was excess. Hartford appealed, arguing that Mr. Stanfield and Tri-State were not insureds under the terms of its policy. Hartford's policy provided:

> D. WHO IS AN INSURED.
>
> 1. For Covered Autos.
>
>   a. You are an insured for any covered auto.
>
>   b. Anyone else is an insured while using with your permission a covered auto except:
>
> . . . .
>
>   3. Your customers, if your business is shown in ITEM ONE of the declarations as **an auto dealership**.

*Stanfield*, 581 So.2d at 341 (emphasis added). In affirming the trial court, the majority concluded that the auto dealership customer exclusion applied only to customers of the automobile dealership side of Wayne's business, but did not apply to customers of the garage side of Wayne's business.

*Hargrove* involved an automobile/train collision wherein plaintiffs were passengers in the automobile being driven by Ricky Haley. Martin Automotive Group (Martin), an automobile dealership where Mr. Haley had taken his vehicle for repair, had a verbal agreement with Enterprise Rent A Car for customers receiving automotive repair. In affirming the trial court, the majority followed the reasoning in *Stanfield* to find that Mr. Haley and Martin were co-renters, making Mr. Haley an uninsured motorist under Martin's insurance policies.

Tower avers that the trial court correctly concluded Ms. Powell was not insured under its policy. According to Tower, its policy is "different than, and much broader than, the language of the *Stanfield* policy." Tower refers this court

6

to the opinions of other circuits in the cases of *Savana v. Certain Interested Underwriters at Lloyd's London*, 01-2450 (La.App. 1 Cir. 7/2/02), 825 So.2d 1242; *Baker v. Kenney*, 99-2950 (La.App. 4 Cir. 5/3/00), 767 So.2d 711, *writ denied*, 00-2153 (La. 10/13/00), 771 So.2d 650; and, *Gambino v. Lamulle*, 97-2798 (La.App. 4 Cir. 6/10/98), 715 So.2d 574. Tower argues "[t]hese cases . . . demonstrate that the courts of this state have routinely upheld the provisions of garage operations policies that exclude coverage for customers of dealerships[] when the customer is uninsured or underinsured."

The facts in *Savana*, *Baker*, and *Gambino* are analogous to the facts herein in that the vehicles at issue were loaned to the party involved in the accident to replace a vehicle that was being repaired. *Savana*, *Baker*, and *Gambino* conflict with this circuit's decisions in both *Stanfield* and *Hargrove*. Whereas this court drew a distinction between the dealership side of the business and the garage side of the business in *Stanfield*, the courts in *Savana*, *Baker*, and *Gambino* did not.

Our colleagues on the first circuit in *Savana* examined this court's interpretation of similar policy language in *Stanfield* and expressed:

> With all due respect to the majority in *Stanfield v. Hartford Acc. and Indem. Co.*, 89-1249 (La.App. 3 Cir. 5/22/91), 581 So.2d 340, this Court finds the distinction made between the auto dealership customers and the garage customers to be an artificial one, and we agree with Judge Guidry's dissent, which found no ambiguity or conflict in the provisions of the policy. . . .
>
> . . . [W]e prefer to follow the opinions of the Fourth Circuit in the cases of *Gambino v. Lamulle*, 97-2798 (La.App. 4 Cir. 6/10/98), 715 So.2d 574, and *Baker v. [Kenney]*, 99-2950 (La.App. 4 Cir. 5/3/00), 767 So.2d 711, *writ denied*, 2000-2153 (La.10/13/00), 771 So.2d 650, which interpreted substantially the same policy language as the policy in the case at bar. We note that under La. R.S. 22:671, the primary liability coverage for a loaner vehicle is provided by the driver's policy, not the service dealer's policy. Thus, Forrester's policy which met the requirements of La. R.S. 32:900 provided the plaintiff with compensation contemplated by the Louisiana Motor Vehicle

7

> Responsibility Law. Further, because the policy provided coverage in the event the driver of the covered vehicle lacks the insurance coverage required by La. R.S. 32:900, we find that the language of the policy does not violate public policy and should be interpreted as written.

*Savana*, 825 So.2d at 1244-45. We find that *Stanfield* and *Hargrove* are not applicable to the matter before us. Instead, we find *Savana*, *Baker*, and *Gambino* to be more instructive.

Ms. Douga also argues that the exclusionary language is ambiguous in that it does not define "customer." This court considered this argument in *Falgout v. Jester*, 04-434 (La.App. 3 Cir. 9/29/04), 883 So.2d 515. At the time of the accident sued upon in *Falgout*, Walter Jester, the negligent driver, was test-driving a vehicle in contemplation of purchasing the vehicle from an automobile dealership. Plaintiffs, seeking liability insurance coverage to Jester as an insured or omnibus insured under the dealership's general liability insurance policy, argued that the exclusionary language was ambiguous, in part, because "customer" was not defined. Relying upon La.Civ.Code art. 2047, this court declared "[w]e do not find that the term 'customer' is a word of art or a technical term. Therefore, it must be given its generally prevailing meaning." *Falgout*, 883 So.2d at 520. This court found "that the generally prevailing meaning of the word 'customer' would include a person such as Jester." *Id.*

Considering the foregoing, we find no ambiguity in the policy and that the trial court did not err in granting summary judgment in favor of All Star and Tower. Tower's insurance policy specifies that coverage to a customer of All Star is provided only when the customer either lacks automobile insurance or has insurance which fails to meet the minimum amount required by La.R.S. 32:900(B)(2). Because Ms. Powell was insured by Progressive in an amount

8

which satisfies the statutory minimum, we find that the exclusion in Tower's policy applies, and Ms. Powell is excluded from coverage under the policy.

## DECREE

For the foregoing reasons, the trial court judgment of March 29, 2016, which granted the motion for summary judgment of All Star and Tower, denied the cross motion for summary judgment of Ms. Douga, and dismissed with prejudice Ms. Douga's claims against All Star and Tower is hereby affirmed. All costs of this appeal are assessed equally to Plaintiff/Appellant, Amanda Rae Douga, and Defendants/Appellants, Progressive Security Insurance Company and Teneeshia Powell.

**AFFIRMED.**