# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-582 consolidated with 18-413**

**DONALD PAUL ARDOIN**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253,103
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and John E. Conery, Judges.

**AFFIRMED.**

**Glen E. Mercer**
**Kourtney Twenhafel**
**Salley Hite Mercer & Resor, LLC**
**365 Canal Street, Suite 1710**
**New Orleans, LA 70130**
**(504) 566-8800**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Federated Mutual Insurance Co.**

**Bonita Preuett-Armour**
**Armour Law Firm, L.L.C.**
**Post Office Box 8386**
**Alexandria, LA 71306**
**(318) 442-6611**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     **State Farm Mutual Automobile Insurance Company**

**Paul M. Lafleur**
**Stafford, Stewart & Potter**
**3112 Jackson Street**
**Alexandria, LA 71301**
**(337) 487-4910**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     **Cynthia Price**

**Benjamin T. Lowe**
**Spencer H. Calahan**
**Attorneys at Law**
**827 Saint Louis Street**
**Baton Rouge, LA 70802**
**(225) 387-2323**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
     **Donald Paul Ardoin**

**PICKETT, Judge.**

These consolidated matters present the issue of whether a garage liability insurance policy provided coverage to an automobile (auto) dealership's customer when she was driving an auto that the dealership loaned to her while it repaired her auto. For the reasons discussed below, we affirm the trial court's judgment granting summary judgment in favor of the dealership's insurer and denying the customer's insurer's motion for a declaratory judgment.

## FACTS

Donald Ardoin filed suit on December 15, 2014, alleging that he was injured in an accident that occurred when Cynthia Price failed to stop the auto she was driving behind him at a stop sign. Ms. Price was driving an auto owned by Southern Chevrolet Cadillac, Inc. that it loaned to her while it repaired her auto. Mr. Ardoin named Ms. Price and State Farm Mutual Automobile Insurance Company, her insurer, as defendants. Ms. Price filed a third-party demand against Federated Mutual Insurance Company, alleging that it issued an insurance policy which included garage liability coverage to Southern Chevrolet and that under the terms of the policy, Federated was obligated to defend her and provide her liability coverage.

State Farm filed a motion and petition to obtain a judgment declaring that Federated was obligated to provide Ms. Price a defense and liability coverage for Mr. Ardoin's claim. Ms. Price filed a memorandum supporting State Farm's request for a declaratory judgment. Federated then filed a motion for summary judgment, asserting that State Farm's motion for declaratory judgment should be dismissed because Federated's policy did not provide liability coverage to Ms. Price.

On April 16, 2018, the trial court held a hearing on the insurers' competing motions. At the conclusion of the hearing, the trial court denied State Farm's request for a declaratory judgment and granted Federated's motion for summary judgment. State Farm filed a writ application with this court, seeking reversal of the trial court's denial of its motion for declaratory judgment. It also appealed the trial court's grant of summary judgment in favor of Federated. The two matters were consolidated.

## ASSIGNMENTS OF ERROR

1. The trial court erred in failing to follow the prior Third Circuit jurisprudence of *Stanfield v. Hartford Accident & Indemnity Co.*, 581 So.2d 340 (La.App. 3[] Cir. 1991) and *Hargrove v. Missouri [Pacific Railroad Co.]*, 00-228 (La. App. 3 Cir. 01/10/2001), 780 So. 2d 454, when granting the Motion for Summary Judgment filed by Federated Mutual Insurance Company.

2. The trial court failed to follow binding jurisprudence from the Louisiana Supreme Court, namely, *Marcus v. Hanover [Insurance]. Co., [Inc.]* 98-2040 (La. 06/04/1999), 740 So.2d 603, which requires that an automobile liability policy follows the [auto], regardless of the type of permissive operation of the driver of the [auto], and thereby violated the public policy of this state.

3. The trial court failed to adhere to the legislative mandates in La.R.S. 32:900(8)(2) and 22:1282.

## DISCUSSION

### *Summary Judgment*

"Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Elliott v. Cont'l Cas. Co.*, 06-1505, p. 10 (La. 2/22/07), 949 So.2d 1247, 1253 (quoting *Reynolds v. Select Props., Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183). "[A] summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

La.Code Civ.P. art. 966(A)(3). "Interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment." *Bernard v. Ellis*, 11-2377, p. 9 (La. 7/2/12), 111 So.3d 995, 1002 (citing *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945).

### Did the Trial Court Apply the Appropriate Jurisprudence?

In the first two assignments of error, State Farm and Ms. Price argue the trial erred in failing to apply the conclusions reached by this court in *Stanfield v. Hartford Accident & Indemnity Co.*, 581 So.2d 340, and *Hargrove v. Missouri Pacific Railroad Co*, 780 So.2d 454, in determining that Federated's policy does not provide coverage for Ms. Price.

State Farm's and Ms. Price's claims are based on the following provisions contained in Federated's policy:

**SECTION II—LIABILTIY COVERAGE**

**A. Coverage**

. . . .

**2. "Garage Operations"—Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

. . . .

**3. Who Is An Insured**

**a.** *The following are "insureds" for covered "autos":*

**(1)** You for any covered "auto".
**(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

. . . .

**(d)** *Your customers. However, if a customer of yours:*

3

**(i)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

**(ii)** *Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.*

(Emphasis added.)

The policy provisions at issue here are essentially the same as those in *Stanfield*, 581 So.2d 340, and *Hargrove*, 780 So.2d 454. In *Stanfield*, the court determined that an exclusion for leased autos evidenced an "intent [] to provide coverage to customers of the garage who are given replacement vehicles when their vehicle is left for servicing." *Stanfield*, 581 So.2d at 341. The exclusion excluded coverage for any auto that the dealership "leased or rented to others," but further provided that the exclusion did not apply to any auto rented to one of the dealership's customers while their auto was being serviced or repaired. Based on this exclusion, the court made a distinction between the two different types of business conducted by auto dealerships: the sale of autos and the repair of autos. The court then concluded that the policies at issue did not provide coverage to the sales side of the business but did provide coverage to garage customers "who are given loaner vehicles when their vehicle is left for servicing." *Id.* at 341. *Hargrove* accepted and followed the reasoning espoused in *Stanfield*.

*Douga v. Progressive Casualty Insurance Co.*, 16-543 (La.App. 3 Cir. 12/7/16), 208 So.3d 394, *writ denied*, 16-2271 (La. 2/3/17), 215 So.3d 694, presented the same issue addressed in *Stanfield*, 581 So.2d 340, and *Hargrove*, 780 So.2d 454. In *Douga*, this court reviewed the distinction made in *Stanfield* and *Hargrove*, in light of conflicting opinions reached by the first and fourth circuits in

*Savana v. Certain Interested Underwriters at Lloyd's London*, 01-2450 (La.App. 1 Cir. 7/2/02), 825 So.2d 1242; *Baker v. Kenney*, 99-2950 (La.App. 4 Cir. 5/3/00), 767 So.2d 711, *writ denied*, 00-2153 (La. 10/13/00), 771 So.2d 650; and, *Gambino v. Lamulle*, 97-2798 (La.App. 4 Cir. 6/10/98), 715 So.2d 574. The panel declined to apply *Stanfield* and *Hargrove* and held that the reasoning in the above-cited cases applied to the policy provisions at issue.

In reaching this conclusion, the panel agreed with the first circuit's determination that *Stanfield's*, 581 So.2d 340, distinction between auto dealership customers and garage customers is "artificial." *Douga*, 208 So.3d at 399 (quoting *Savana*, 825 So.2d at 1244). *Douga* also agreed with *Savana's* conclusion that:

> [U]nder La. R.S. 22:671, the *primary liability coverage for a loaner vehicle is provided by the driver's policy, not the service dealer's policy*. Thus, [the defendant driver's] policy which met the requirements of La.R.S. 32:900 provided the plaintiff with compensation contemplated by the Louisiana Motor Vehicle Responsibility Law. Further, because the policy provided coverage in the event the driver of the covered vehicle lacks the insurance coverage required by La.R.S. 32:900, we find that the language of the policy does not violate public policy and should be interpreted as written.

*Id*. (Emphasis added.) We agree with *Douga's* conclusion and decline to apply *Stanfield* or *Hargrove*, 780 So.2d 454.

State Farm and Ms. Price next assert that the trial court erred in failing to apply the holding of *Marcus v. Hanover Insurance Co. Inc.*, 98-2040 (La. 6/4/99), 740 So.2d 603, to Federated's claims. These assertions are misplaced. The supreme court held in *Marcus* that a "*business use exclusion* that excludes from coverage the named insured while operating his insured car in 'any business other than an auto business, contravenes the purpose of the Louisiana Motor Vehicle Safety Responsibility Law." *Id*. at 608 (emphasis added). Accordingly, *Marcus* applies only when an insured is operating his own auto. *Moss v. Nat'l Fire &*

*Marine Ins. Co.*, 12-1084 (La.App. 3 Cir. 3/27/13), 111 So.3d 1166.  Ms. Price is not an insured under Federated's policy; therefore, *Marcus* does not apply here.

Furthermore, the compulsory liability insurance law requires only that insurance policies provide liability coverage to the named insured and any other person driving a covered auto with the permission of the named insured.  *Id.* Federated's policy provides liability coverage for auto dealer customers if they do not have "other available insurance*"* that provides coverage "up to the compulsory . . . law limits" or if their insurance provides coverage for an amount less than that required by law.  Therefore, the exclusion at issue does not conflict with the Motor Vehicle Safety Responsibility Law.  *Id* (citing *Dees v. Nat'l Sec. Fire and Cas. Ins. Co.,* 97-962 (La.App. 3 Cir. 2/11/98), 707 So.2d 137).

For these reasons, we find no error with the trial court's determination that Federated's policy does not provide coverage to Ms. Price.

### Did the Trial Court Fail to Apply La.R.S. 32:900(B)(2) & 22:1282?

In their third assignment of error, State Farm and Ms. Price urge that Federated's policy contravenes La.R.S. 32:900(B)(2),[1] which requires liability insurance policies provide coverage for persons driving with the auto owner's permission, and La.R.S. 22:1282, which requires full coverage for insureds and permissive operators.[2]  They argue that because Federated's "policy provides

---

[1] Louisiana Revised Statutes 32:900(B)(2) requires that an owner's liability insurance policy:

> Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles."

[2] Louisiana Revised Statures 22:1282 provides:

> No motor vehicle liability insurance policy nor any uninsured motorist coverage for bodily injury shall limit the coverage of, or the amount that can be recovered by, the named insured . . . express or implied permissive users, for

$500,000 in liability coverage for accidents caused by permissive operators of vehicles owned by Southern Chevrolet" but provides limited coverage for customers who are permissive operators *only* if they do not otherwise have state minimum liability coverage, it violates these two provisions.

This court rejected State Farm's argument regarding La.R.S. 32:900(B)(2) in *Bennett v. Brown*, 16-622 (La.App. 3 Cir. 12/21/16), 209 So.3d 830, *writ denied*, 17-146 (La. 3/13/17), 216 So.3d 803, which dealt with the policy provision at issue here. The panel looked to *Alexander v. Cornett*, 42,147 (La.App. 2 Cir. 7/11/07), 961 So.2d 622, *writ denied*, 07-1681 (La. 11/2/07), 966 So.2d 603, for guidance. In *Alexander*, the second circuit first noted that "a statutory omnibus clause such as [La.]R.S. 32:900(B)(2) supercedes only *conflicting* insurance policy provisions." *Id.* at 639. No such conflict existed there, nor does it exist here. The court then reiterated the basic tenet that insurance companies have the right to limit the coverage a policy provides if the limiting provision does not conflict with applicable laws or public policy. *Bennett*, 209 So.3d at 835 (quoting *Alexander*, 961 So.2d at 630), agreed with *Alexander's* conclusion that: "The provision in question does not conflict with La.R.S. 32:900(B)(2) because it provides liability coverage when the customer's insurance is inadequate to satisfy the minimum requirements of the statute." *See also, Savana*, 825 So.2d 1242; *Baker v. Kenney*, 767 So.2d 711; *Gambino v. Lamulle*,, 715 So.2d 574.

We further observe that La.R.S. 22:1282 requires that all permissive users "for whom the policy provides coverage" be provided the same amount of coverage. Pursuant to the exclusion, Ms. Price is not an insured under Federated's policy. Therefore, La.R.S. 22:1282 does not apply to the claims herein.

---

whom the policy provides coverage, to any amount less than the highest policy limit provided in the policy for the respective coverage or potential recovery.

State Farm and Ms. Price cite *Rolston v. United States Services Automobile Ass'n*, 06-978 (La. 12/13/06), 948 So.2d 1113, as support for this argument. In *Rolston*, State Farm issued a personal liability umbrella policy to the plaintiff's husband that excluded "the named insured, spouse, or anyone within the meaning of . . . the definition of insured" from the coverage provided by the policy. *Id.* at 1115. The insured contested the validity of the exclusion, arguing that it violated public policy and that error or mistake vitiated his consent to the policy and the exclusion. Ms. Price is not an insured under Federated's policy; therefore, *Rolston* has no application here. This assignment of error lacks merit.

## DISPOSITION

The judgment of the trial court is affirmed. All costs are assessed to State Farm Automotive and Casualty Insurance Company.

**AFFIRMED.**