880 So.2d 985 (2004)
Shirley GOODWIN and Roddy Goodwin, Plaintiff-Appellant
v.
WESTERN HERITAGE INSURANCE COMPANY and Lois Gibson, Defendant-Appellee.
No. 38,836-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 2004.
D. Randolph Street, for Appellant.
H. Lee Leonard, Melvin A. Eiden, Lafayette, Charles K. Middleton, Ruston, for Appellee Western Heritage Insurance Company.
Before WILLIAMS, CARAWAY and MOORE, JJ.
WILLIAMS, J.
The plaintiffs, Shirley and Roddy Goodwin, appeal from a summary judgment dismissing the defendant/insurer, Western Heritage Insurance Company ("Western Heritage"), from this lawsuit. The district court concluded that the defendant's garage liability insurance policy, issued by Western Heritage, excluded coverage for the automobile accident. We affirm.

*986 FACTS
The facts in this case are not in dispute. On March 16, 2002, the plaintiff, Shirley Goodwin, was driving her vehicle in Morehouse Parish when she was struck by a vehicle that was being driven by the defendant, Lois Gibson. Shirley Goodwin sustained bodily injuries from this collision. Gibson was driving a vehicle owned by Performance Cars and Trucks ("Performance"), a used car dealership in Monroe. Performance had loaned the vehicle to one of its customers, Jarina Davis, while it was repairing her vehicle. Gibson was driving the loaned vehicle with Davis' permission.
Performance had been issued a garage liability insurance policy by Western Heritage. The plaintiffs filed suit against Gibson and Performance's insurer, Western Heritage. Thereafter, Western Heritage filed a motion for summary judgment. It argued that Gibson was not an insured under its policy based on the following provisions:

SECTION II. LIABILITY COVERAGE
A. Coverage
1. "Garage Operations"  Other Than Covered "Autos"
a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos." ...
* * *
3. Who Is An Insured
a. The following are "insureds" for covered "autos."
(1) You for any covered "auto."
(2) Anyone else while using with your permission a covered "auto" you own, hire, or borrow, except:
* * *
(d) Your customers, if your business is shown in the Declarations as an "auto" dealership. However, if a customer of yours:
(i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.
(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.
Attached to the defendants' motion for summary judgment was a copy of an insurance policy captioned, "GARAGE COVERAGE FORM" that contains the language cited above. Plaintiffs opposed the motion, urging the absence of a declarations page and that the insurance policy submitted into evidence by the defendants was neither certified nor authenticated by an affidavit of a person with knowledge of its contents. Plaintiffs also argued that the insurance contract was in conflict with Louisiana law.
Without issuing reasons, the district court granted the motion for summary judgment and dismissed the plaintiffs' claims against the insurer. Plaintiffs appeal.

*987 DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Kennedy v. Holder, 33,346 (La.App.2d Cir.05/10/00), 760 So.2d 587. This court will not reverse the granting of a motion for summary judgment when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. LSA-C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
The issue of coverage accorded by an insurance contract can be resolved appropriately on summary judgment when the evidence supporting the motion does not offer any other reasonable interpretation of the policy. Bernard v. Chrysler Insurance Company, XXXX-XXXX (La.App. 3d Cir.3/24/99), 734 So.2d 48.
The insurer showed with its motion for summary judgment that its policy excludes from the definition of "insureds" any customer of the dealership, except to the extent that the customer is uninsured or underinsured by law. In Louisiana, LSA-R.S. 32:861, et seq, the Compulsory Motor Vehicle Liability Security Law, are the applicable statutes. In order to defeat summary judgment, LSA-C.C.P. art. 966(C)(2) required the plaintiffs to show that the customer did not have automobile liability insurance and thus was in violation of LSA-R.S. 32:861 and/or LSA-R.S. 32:900.[1] Since no such proof was offered, the customer (and by extension, the customer's permittee) was not an insured within the definition of the policy. Therefore, summary judgment was appropriate.
The remaining question is whether the law permits the insurer to limit its coverage in this way. We agree with the first circuit's decision and reasoning in Savana v. Certain Interested Underwriters at Lloyd's London, 2001-2450 (La.App. 1st Cir.7/2/02), 825 So.2d 1242. There, the court held that the limitation of coverage was effective and not violative of public policy. It is well settled that absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose reasonable conditions upon the obligations they contractually assume. Savana, supra, citing Marcus v. Hanover Insurance Co., Inc., 98-2040 (La.6/4/99), 740 So.2d 603. The policy in question specifies that it provides liability coverage when the customer's insurance is inadequate to satisfy the minimum requirements of our compulsory or financial responsibility law. By this language, the policy complies with the minimum standard required by LSA-R.S. *988 32:900, and thus, is not violative of public policy. See also, the two fourth circuit cases cited in Savana, supra; Baker v. Kenney, 99-2950 (La.App. 4th Cir.5/3/00), 767 So.2d 711, writ denied, 2000-2153 (La.10/13/00), 771 So.2d 650 and Gambino v. Lamulle, 97-2798 (La.App. 4th Cir.6/10/98), 715 So.2d 574.
Further, the legislature contemplated that the driver's policy, not that of the repair shop, provide the primary coverage. LSA-R.S. 22:671 provides, in part:
A. Notwithstanding any provision of the policy, the primary liability, physical damage, or collision coverage for a loaner vehicle shall be the policy of the driver, not the policy of the vehicle sales or service dealer who provided the loaner vehicle.
As the first circuit, we too disagree with the rationale of Stanfield v. Hartford Acc. and Indem. Co., 581 So.2d 340 (La.App. 3d Cir.1991), and find that the distinction between the dealership customers and garage customers is artificial, at least as it might apply to the facts of this case and under the garage liability insurance policy presented.

CONCLUSION
Accordingly, the district court judgment in favor of the defendant, Western Heritage Insurance Company, is affirmed. Costs of this appeal are assessed to the plaintiffs, Shirley Goodwin and Roddy Goodwin.
AFFIRMED.
NOTES
[1] In the insurer's "Memorandum in Support of Motion for Summary Judgment," it states that Davis maintained an automobile liability insurance policy through U.S. Agencies, effective January 6, 2002 through January 6, 2003. The record does not contain a copy of this policy or any other evidence to corroborate its existence. However, plaintiffs did not contest defendant's allegation. Thus, based on the pleadings in the record, we will assume that Davis' automobile liability policy existed and met the legal requirements. There is no evidence in this record with regard to whether Gibson also owned an automobile liability insurance policy.