SULLIVAN, Judge.
Plaintiffs, the passengers in a car that rear-ended another vehicle, appeal a summary judgment dismissing their driver’s insurer on the grounds that their driver was operating a non-owned automobile in the course of his employment and without the permission of its owner. We affirm.
Facts
On November 9, 1992, Rose Bias purchased the vehicle in question, a 1984 Chevrolet Cavalier, from Plaza Motor Company in Lake Charles, Louisiana. When the Cavalier developed mechanical problems, Bias tendered the vehicle to Plaza for | ¿repairs. Stanley Fittz, Plaza’s owner, released the vehicle to Edward “Sonny” Thibodeaux, whom Fittz identified as an independent mechanic. Norman Langley, a “shade-tree” mechanic, repaired the Cavalier at Thibo-deaux’s home on November 11, 1992. Sometime that day, Langley drove the vehicle to pick up Thibodeaux’s wife, Pamela, and her friend, Theresa Dees, from The Calcasieu Center on Aging. While returning to the Thibodeaux home, Langley rear-ended a vehicle driven by Brenda Robinson.
Dees and Pamela Thibodeaux, individually and on behalf of their children, filed separate suits that were consolidated in the trial court. Although the cases remain consolidated on appeal, we will render separate judgments in each suit. See Thibodeaux v. National Sec. Fire & Cas. Co., 97-963 (La.App. 3 Cir. 2/11/98), 707 So.2d 141.
Plaintiffs first named as defendants Langley and National Security Fire and Casualty Company, the insurer of Langley’s personal automobile, an Oldsmobile. They added Bias and Plaza as defendants, but later dismissed their claims against Bias.
National Security filed several motions for summary judgment, contending that the following clauses in Langley’s policy precluded coverage for the accident:
D. WHAT AUTOMOBILES ARE COVERED UNDER LIABILITY PROTECTION
[[Image here]]
4. A car that is borrowed, but only for use by you or your wife or husband living with you, provided that you or your spouse must be using the borrowed car with the direct and express permission of the owner and within the limits of that permission.
|SE. WHAT AUTOMOBILES ARE NOT COVERED UNDER LIABILITY PROTECTION
*139 1. If a borrowed car is being used, it cannot qualify for any protection with us, if it is ...
(e) We do not insure any car while it is being used for or in the course of your employment or occupation.
(Emphasis added.)
In support of its first motion for summary judgment, National Security offered the deposition testimony of Langley, who said that he repaired the vehicle while working as a mechanic for “Sonny” Thibodeaux and that he was test driving the car when the accident occurred. In opposition, Dees and Pamela Thibodeaux offered their own affidavit, in which they stated that Langley completed the repair work in the morning, ate lunch at the Thibodeaux home, and was asked to pick up the plaintiffs at the Calcasieu Center on Aging at about 1:30 that afternoon. Plaintiffs also offered the affidavit of “Sonny” Thibodeaux, who said that he was totally disabled; therefore, he did not operate any business out of his home and Langley did not work for him. On this showing, the trial court denied National Security’s motion, noting that Langley could have obtained permission from the owner to drive the vehicle after he completed the repairs.
National Security reurged its motion after it obtained an affidavit from Bias, the owner of the vehicle. Bias stated that she tendered her ear to Plaza for repairs, that she did not know Langley, and that she only authorized whatever driving was necessary to effect the repairs. The trial court again denied the motion, and in an unpublished writ application, this court found no error.
After taking the deposition of Fittz, Plaza’s owner, National Security filed another motion for summary judgment. Fittz testified that “Sonny” Thibodeaux, accompanied by a man believed to be Langley, picked up the Bias vehicle to repair it. The next day, Thibodeaux told Fittz that Langley had wrecked the ear while running an errand. Regarding Thibodeaux’s authority over the vehicle, Fittz said, “Sonny had the authority to take the car to his house, fix it, and bring it back repaired; that was it.” After taking the matter under advisement, the trial court granted the motion, finding that both clauses precluded coverage.
Opinion
As an appellate court, we review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730. Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Civ.Code art. 966(B).
Additionally, La.Code Civ.P. art. 966(A)(2) now provides: “The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.”
Plaintiffs contend on appeal that genuine issues of material fact exist regarding the applicability of both clauses. They argue that the trial court’s construction of “permission” does not conform to the “wide and liberal” interpretation of the jurisprudence and is in violation of public policy favoring the protection of innocent accident victims. Concerning the “business use” exclusion, they contend that | sLangle/s sporadic activities as a “shade tree” mechanic cannot be considered legitimate business pursuits. For the following reasons, we find no merit to these arguments. Although the record contains some disputed facts, we nonetheless find that National Security has shown the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law on at least one of the two provisions.

a. Employment exclusion.

Langley’s policy does not provide coverage for any vehicle “while it is being used for or in the course of [Langley’s] occupation or employment.” In Parker v. American Guaranty, and Liability Insurance Co., 93-1556, p. 4 (La.App. 1 Cir. 5/20/94), 637 So.2d 788, 790-91, the court found a similar exclu *140 sion to be enforceable and not violative of public policy, when applied to a non-owned automobile:
We do not agree with plaintiffs argument that this rationale conflicts with the compulsory liability insurance and omnibus coverage provisions provided by La.R.S. 32:861(A) and La.R.S. 32:900(B)(2), respectively. La.R.S. 32:861(A) requires that every motor vehicle registered in this state, with limited exceptions, shall be covered by an automobile liability policy with the minimum liability limits set forth in La. R.S. 32:900(B)(2). La.R.S. 32:900(B)(2) requires that automobile liability policies provide liability coverage to the named insured and any other person using a covered vehicle with the .express or implied permission of the named insured. Neither of these provisions requires that a liability policy provide coverage to the named insured for all risks while driving a non-owned vehicle.
Further, these provisions are part of a comprehensive, statutory scheme. At the heart of this statutory scheme is the decision to attach the required financial protection to the vehicle rather than to the operator of the vehicle. Hearty v. Harris, 574 So.2d 1234, 1237 (La.1991). Thus, it is the responsibility of the registered owner of a vehicle to maintain the minimum liability coverage required by law for that vehicle. La.R.S. 32:861(A)(2) and La.R.S. 32:900(B). The insurer is not required to provide blanket coverage for all non-owned motor vehicles the insured may drive, and may reasonably limit coverage for non-owned vehicles without violating public policy. Gunn v. Automotive Cos. Ins. Co., 614 So.2d 154, 157-158 (La.App. 3rd Cir.1993).
(Emphasis added; footnote omitted.)
Although the exhibits suggest some uncertainty about whether Langley was employed by “Sonny” Thibodeaux, it is undisputed that Langley repaired the Bias vehicle at the Thibodeaux home on the day of the accident. Langley so testified in his deposition, as did Dees and Pamela Thibodeaux in their affidavit. Langley also testified that in addition to working for Thibodeaux, he did “work for myself on the side.” We, therefore, find no material issue of fact that Langley’s work on the Bias vehicle was in the course of “his occupation or employment.” We further find that plaintiffs’ statement that Langley had completed the repairs in the morning does not contradict Langley’s testimony that he was test driving the vehicle when the accident occurred that afternoon. Plaintiffs’ affidavit also fails to show the basis of their personal knowledge that the repairs were completed in the morning. See La. Code Civ.P. art. 967.
In Hayes v. Autin, 96-287, p. 6 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41, we discussed the changes in the law of summary judgment as follows:
The jurisprudential presumption against granting the summary judgment has been legislatively overruled by La.Code Civ.P. art. 966 as amended. In effect, the amendment “levels the playing field” between the parties in two ways: first, the supporting documentation submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed.
(Emphasis added.)
Applying this standard, we find that National Security has shown the absence, of a material fact that Langley was operating Bias’ vehicle in the course of his occupation as a mechanic. However, in the event that plaintiffs’ affidavit could be construed as creating a question of fact, we will also discuss the other provision that National Security urges in its motion.

b. Permissive use.

National Security’s policy provides coverage for a borrowed car if it is used (1) with the “direct and express permission” of the owner and (2) “within the limits of that permission.” As the supreme court explained in Simms v. Butler, 97-0416, p. 3 (La.12/2/97), 702 So.2d 686, 688, the requirements of La.R.S. 32:900(B)(2), the statutorily mandated omnibus clause, are not “germane” to a determination of liability under a non-owned auto clause.
*141 In Simms, the issue was whether a rental car driven by Allstate’s insured in violation of the rental agreement (i.e., without the rental agency’s permission) was covered by the Allstate policy. In holding that Allstate’s policy did not cover the rental car, the supreme court noted that Allstate’s non-owned auto clause did not include such expansive language as “use which is reasonably believed to be with the permission of the owner” or with the permission of a “person in lawful possession” of the automobile. Id. at p. 5, 702 So.2d at 689 n. 5. The supreme court also considered that the Alstate policy’s omnibus clause, covering those who drove the insured’s owned vehicle with his “permission,” was virtually identical to the policy’s non-owned auto clause.
In the case sub judice, National Security’s non-owned auto clause does not include the expansive language discussed by the supreme court. Additionally, the non-owned auto clause is more restrictive than the policy’s omnibus clause. While the omnibus clause requires only the “direct and express permission” of the insured, the non-owned auto clause contains the second proviso that the insured’s use must be “within the limits of that permission.” Thus, to prevail at trial, plaintiffs will have to prove that Langley was operating the Bias vehicle within the requirements of this clause.
Bias released her ear to Fittz, Plaza’s owner, for repairs, not for his general use. In her affidavit, Bias said that she authorized only whatever driving was necessary for the repairs. Fittz, in effect, acknowledged this when he testified that “Sonny” Thibodeaux was authorized only to drive the vehicle to his home and to return it repaired. Langley testified that he did not know who owned the vehicle. He first saw the car on the morning of the accident at the Thibodeaux home, where it had been left to be repaired. Thibo-deaux denied that Langley ever worked for him, and the plaintiffs said only that Langley repaired the vehicle. Thus, other than Langley’s statement that he was test driving the vehicle, which would have invoked the business use exclusion, there is no evidence that either Bias, Fittz, or Thibodeaux gave Langley permission to drive the vehicle, much less permission to drive it on a personal errand.
Regarding the mover’s burden of proof on summary judgment, La.Code Civ.P. art. 966(B)(2) provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
On the showing discussed above, we find no error in the trial court’s grant of summary judgment.
Decree
For the above reasons, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.