# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1084

**JAMES MOSS, ET AL.**

**VERSUS**

**NATIONAL FIRE AND MARINE INSURANCE COMPNAY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, DOCKET NO. 2009-4186-J
## HONORABLE KRISTIAN EARLES, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

**AFFIRMED.**

Vincent L. Bowers
Morris Bart, LLC
909 Poydras Street, 20th Floor
New Orleans, LA 70112
(504) 599-3212
**ATTORNEY FOR PLAINTIFFS/APPELLANTS**
    James and Blanche Moss

David O. Way
Kenny L. Oliver
Oliver & Way, L.L.C.
100 Rue Bastille
P.O. Box 82447
Lafayette, LA 70598-2447
(337) 988-3500
**ATTORNEY FOR DEFENDANT/APPELLEE**
    State Farm Mutual Automobile Insurance Company

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On August 8, 2008, Glenn Carriere, in the course and scope of his employment with Louisiana Limo, Inc., was driving James Moss to his son's wedding. Upon arrival at the church, Moss, who was blind, attempted to exit the vehicle. It was alleged by Plaintiffs (Moss and his wife) that Carriere did not provide any assistance or direction to Moss while he was exiting the vehicle. Moss fell and fractured his left ankle, which required surgery. Due to complications which ensued, Moss ultimately required amputation of his left foot.

Moss and his wife filed suit against Carriere, Louisiana Limo, Inc., and National Fire and Marine Insurance Company (Louisiana Limo's insurance carrier). The parties were able to reach a settlement. Plaintiffs also filed suit against Carriere's personal automobile liability insurer, State Farm Mutual Automobile Insurance Company, alleging coverage under Carriere's personal automobile policy.[1] State Farm did provide a policy to Carriere with coverage for a 1998 Chevrolet 1500 pick-up truck.

State Farm filed a Motion for Summary Judgment asserting there was no coverage under its policy with Carriere because, at the time of the incident in question, Carriere was operating Louisiana Limo's vehicle while in the course and scope of his employment. State Farm further maintained the damages to Plaintiffs arose out of the ownership, maintenance, or use of Louisiana Limo's vehicle while it was being "used as a public livery or conveyance of persons" in the "business use" exclusion.

Plaintiffs opposed State Farm's Motion for Summary Judgment, contending State Farm's argument "amounted to a violation of the well-established prohibition against the 'business use' exclusion as against the well-settled public policy in the

---

[1] Plaintiffs also brought suit against State Farm alleging liability through Carriere's homeowner's policy. That matter is presently pending before the district court on a motion for summary judgment filed by State Farm.

2

State of Louisiana" and that a genuine issue of material fact existed regarding State Farm having waived such defenses.

After a hearing on the motion on April 16, 2012, the trial court granted State Farm's Motion for Summary Judgment. The trial court found no coverage for the accident existed under State Farm's policy and that the exclusion did not breach public policy because the business owner was insured. Plaintiffs appealed, asserting the trial court erred in granting summary judgment because the exclusions relied upon by State Farm do not apply as these "business use exclusions are against well-established Louisiana public policy." In the alternative, Plaintiffs argue genuine issues of material fact exist as to whether State Farm waived these business use defenses to avoid coverage.

**ANALYSIS**

We review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La. 7/5/94), 639 So.2d 730. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Civ.Code art. 966(B). Louisiana Code of Civil Procedure article 966(A)(2) also provides that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends."

It is undisputed that Carriere was engaged in the course and scope of his employment when the accident in question occurred. It is also undisputed that Carriere was insured by a State Farm policy of insurance, which provided coverage

3

for a 1998 Chevrolet 1500 pick-up truck. The facts are clear Carriere was *not* driving this vehicle at the time of the accident.

The insuring agreement of the State Farm policy with Carriere provides:

(1) We will pay:

  (a) damages an insured becomes legally liable to pay because of:

    (1) bodily injury to others; and

    (2) damage to property

    caused by an accident that involves a vehicle for which that insured is provided liability coverage by this policy;

Thus, the policy requires an insured must be legally liable for injury or damage that was caused while operating an insured vehicle before coverage attaches.

The State Farm policy defines "insured" as follows:

(1) You and resident relatives for:

  (a) the ownership, maintenance, or use of :

    (1) your car;

    (2) a newly acquired care; or

    (3) a trailer; and

  (b) the maintenance or use of:

    (1) a nonowned car; or

    (2) a temporary substitute car

"Your car" is defined in the policy as the vehicle shown on the declarations page, in this case the 1998 Chevrolet 1500 pick-up truck. A "newly acquired car" is defined as a "car newly owned by you." The facts establish Carriere was not the owner of the vehicle he was operating at the time of the accident.

Under (1)(b), the policy defines "nonowned car" and "temporary substitute car" as follows:

Nonowned car means a car that is in the lawful possession of you or any resident relative and that neither:

4

(1)    is owned by:

      (a)    you;
      (b)    any resident relative;
      (c)    any other person who resides primarily in your household; or
      (d)    an employer of any person described in a, b or c above;

. . .

Temporary substitute car means a car that is in the lawful possession of the person operating it and that:

(1)    replaces your car for a short time while your car is out of use due to its:

      (a)    breakdown;
      (b)    repair;
      (c)    servicing;
      (d)    damage; or
      (e)    theft; and

(2)    neither you nor the registered person operating it own or have registered.

The limousine driven by Carriere does not qualify under the State Farm policy as a "nonowned car" because it was owned by Louisiana Limo, Inc., Carriere's employer. Further, the limousine was not a "newly acquired" or "temporary substitute car" while in use by Carriere.

Plaintiffs do not assert that the limousine owned by Carriere's employer qualifies as a covered vehicle under the State Farm policy; rather, they argue Louisiana's compulsory insurance law requires the invalidation of the business use exclusion in Carriere's personal automobile policy. In support of this contention, Plaintiffs cite the Louisiana Supreme Court cases of *Sensebe v. Canal Indem. Co.*, 10-703 (La. 1/28/11), 58 So.3d 441 and *Marcus v. Hanover Ins. Co.*, 98-2040 (La. 6/4/99), 740 So.2d 603. In those cases, the supreme court held when an insured is driving his own personal vehicle while in the course and scope of his employment, there is mandated coverage as required by the Louisiana Legislature. The court in *Marcus*, 740 So.2d at 606, stated as follows:

5

In this case, we likewise conclude the business use exclusion that excludes from coverage the named insured while operating **his insured car** in "any business other than an auto business," contravenes the purpose of the Louisiana Motor Vehicle Safety Responsibility Law and La. R.S. 22:655(D), which is to provide compensation for persons injured by the operation of an insured vehicle. If the exclusion were upheld, a named insured driving his personal, insured vehicle in his own or someone else's business would be denied coverage. This result would undermine the intent and purpose of the statutory scheme enacted to ensure that all Louisiana motorists have available to them automobile liability insurance coverage. The statutory scheme is intended to attach financial protection to the vehicle regardless of the purpose for which the vehicle is being operated.

(Emphasis added).

In this case, Carriere was not operating his own vehicle while in the course and scope of his employment, but was operating his employer's vehicle, which was a covered vehicle in a different liability policy. The trial court specifically noted the business owner was insured in this case, and the policy in place "provid[ed] for the public policy that was required." State Farm also cites us to the following passage in the Civil law Treatise of Insurance, Section 81, which discusses the *Hanover* case in a similar context as here:

> In *Marcus v. Hanover Insurance Company*, the Supreme Court held that a business use exclusion was not enforceable to the extent that its exclusion for coverage for a covered auto conflicted with the public policy underlying the compulsory insurance law. *Since the compulsory insurance law does not require that insurance policies extend coverage for its insureds use of nonowned autos, the business use exclusion remains fully effective for such autos.*

(Emphasis added).

This Court addressed a factually similar situation in *Dees v. National Sec. Fire and Cas. Ins. Co.*, 97-962 (La.App. 3 Cir. 2/11/98), 707 So.2d 137. In that case a vehicle was purchased from a dealership. It was returned to the dealership because of mechanical problems. The car was tendered by the dealership to Sonny Thibodeaux, an independent mechanic, for repairs. Norman Langley, a "shade-

6

tree" mechanic, repaired the vehicle at Thibodeaux's home. Later that day, Langley drove that vehicle to pick up Thibodeaux's wife and her friend. While returning to the Thibodeaux home, Langley rear-ended a vehicle. The injured parties filed suit against Langley and the insurer of his personal automobile. The insurer filed a motion for summary judgment, based on an exclusion that it did not insure any vehicle while it is being used "in the course of your employment or occupation." As in this case, the plaintiffs in *Dees* contended this business use exclusion violated public policy and should not be given effect. The trial court granted the insurer's motion for summary judgment.

Affirming the grant of summary judgment, this Court noted the cumpulsory liability insurance law required only that insurance policies provide liability coverage to the named insured and any other person driving a covered vehicle with the permission of the named insured. We stated "neither of these provisions requires that a liability policy provide coverage to the named insured for all risks while driving a nonowned vehicle." *Id*. at 140.

The State Farm policy specifically excluded "non-owned" vehicles owned by an employer. We note the trial court emphasized the fact that Louisiana Limo had in force a policy of active liability insurance on this vehicle was vital in his determination to grant summary judgment in this matter. He categorically stated the policy of insurance Louisiana Limo had on its vehicle "provid[ed] for the public policy that was required" by Louisiana's compulsory insurance law. The trial court did not err in granting State Farm's motion for summary judgment in the circumstances presented in this case.

Plaintiffs also argued genuine issues of material fact exist as to whether State Farm waived these business use defenses to avoid coverage. Apparently, Plaintiffs are arguing that counsel for State Farm represented the insured, Carriere, and then, prior to filing the motion for summary judgment on behalf of State Farm,

failed to obtain a nonwaiver agreement "in order to preserve its coverage defense." Plaintiffs maintain a conflict of interest was created by representing both Carriere and State Farm. Despite this contention, we note Plaintiffs brief does not cite any specific instance evidencing that counsel for State Farm represented Carriere. Counsel for State Farm vehemently denies any representation of Carriere.

A review of the record fails to indicate any representation of Carriere by counsel for State Farm. On October 5, 2010 an Answer was filed on Carriere's behalf by Attorney Graham Smith, who also represented National Fire and Marine Insurance Company, the insurer of Louisiana Limo. A Judgment of Partial Dismissal was obtained by Mr. Smith after the settlement, but that dismissal did not include Carriere. There is no indication in the record that Mr. Smith is no longer Carriere's attorney of record. Plaintiffs' contention that counsel for State Farm at any point represented carrier is simply not supported by the record.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Plaintiffs-Appellants.

**AFFIRMED.**

8